UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DONALD RUNNELS**                                    **CIVIL ACTION NO. 14-503**
    **DOC #187611**

**VS.**                                                                          **JUDGE MINALDI**

**WARDEN, AVOYELLES MARKSVILLE**
**DETENTION CENTER**                                   **MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the court is an application for a writ of *audita querela* filed by petitioner Donald K. Runnels. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at Tensas Parish Detention Center in Waterproof, Louisiana. For the reasons set forth below, the petitioner's application is hereby **DENIED**.

### I. FACTS & PROCEDURAL HISTORY

*A. Procedural History*

The petitioner, Donald K. Runnels, was arrested after he was found to be in possession of various cleaning supplies and a shovel that belonged to a Pizza Hut in Oakdale, Louisiana. He was subsequently charged with one count of simple burglary, and one count of theft less than $500.00. At trial on the simple burglary count, a six-person jury unanimously convicted him. Thereafter, the State filed a habitual offender bill of information. On December 15, 2011, while the habitual offender bill was pending, the trial court imposed sentence on the underlying offenses.

For the simple burglary charge, the defendant was sentenced to ten years at hard labor with three years suspended. The trial court further imposed four years of supervised probation,

with conditions, and ordered the defendant to pay supervision and technology fees. For the theft less than $500.00 charge, the trial court sentenced him to six months in the parish jail to run concurrent with his simple burglary sentence. *Runnels v. Warden Avoyelles Marksville Detention Center*, 13-cv-101 (W.D. La.), Doc. 5, att. 1, pp. 22-23.

Petitioner subsequently appealed his sentence and conviction to the Louisiana Third Circuit Court of Appeal which, on November 7, 2012, affirmed his conviction and sentence for simple burglary but vacated and remanded the sentence for theft less than $500.00 [*Id.* at Doc. 5, att. 1, p. 20] noting that the record did not indicate that a verdict had been rendered either by the jury or by the trial court on that count. *See State v. Runnels*, 101 So.3d 1046 (La. App. 3 Cir. 11/7/12).

Following his appeal, the petitioner was sentenced as a Habitual Offender on or about November 29, 2012. He then filed a motion for rehearing in December of 2012 which was denied on January 9, 2013.  Thereafter, he did not seek review with a higher state court. *Runnels*, 13-cv-101 (W.D. La.), Doc. 5, pp. 4-5.

On January 15, 2013, petitioner filed an application for a writ of habeas corpus with this court which was later dismissed without prejudice for his failure to exhaust his remedies at the state level.  On January 23, 2013, petitioner filed another application for writ of *habeas corpus* with this court wherein he attacked both the 2011 conviction and a 1996 conviction for robbery claiming that his 1996 conviction was improperly used to enhance his 2011 conviction.  We dismissed that petition with prejudice.  *See Runnels v. Warden Tensas Parish Detention Center*, 13-cv-209 (W.D. La.), Doc. 4.  On March 15, 2014 the petitioner filed yet another application for a writ of *habeas corpus* which has been amended several times.  As of the present time, that application remains pending before us.

Under consideration now is the petitioner's application for a writ of *audita querela* filed on November 5, 2014. It alleges that "newly discovered evidence," namely a photograph the petitioner has obtained, gives rise to a "high probability of acquittal." Doc. 38, p. 3. Accordingly, he asserts that enforcement of the November 29, 2012 judgment sentencing him to fifteen years imprisonment as a Habitual Offender should be halted and that he should therefore be released from custody. *Id.*

*B. Requests for Bail*

During the course of the instant litigation, the petitioner has twice asked this court to set bail in order to secure his release pending collateral review. On his first request filed on June 18, 2014 we stated that we had "no authority to order release from a final state court judgment of conviction pending collateral review except under "extraordinary cases involving special circumstances or a high probability of success." Doc. 24, (citing *Land v. Deeds*, 878 F.2d 318, 319 (9th Cir. 1989) (internal citations omitted)). We found that the petitioner had set forth no such extraordinary circumstances and thus denied the request.

Reviewing his second request filed on July 7, 2014 we found yet again that the petitioner had still failed to set forth any facts to show any special circumstances or otherwise indicating a high probability of success. We further noted that "[e]ven if an extraordinary case were to exist, it is doubtful this court would allow release given petitioner's having fled the State of Louisiana prior to execution of sentence while on bond on appeal as evidenced by the correspondence of the Louisiana Attorney General to the Governor of Louisiana seeking extradition of the defendant." Doc. 27 (citing Doc. 26, Att. 1, p. 1).

## II. LAW AND ANALYSIS

The writ of *audita querela* is a common law writ that "constitutes the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment

on the ground that some defense or discharge has arisen since its rendition that could not be taken advantage of otherwise." *United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010) (citing *United States v. Reyes,* 945 F.2d 862, 863 n. 1 (5th Cir.1991)). It is often compared to a writ of *coram nobis*, but the two differ in that "a writ of *coram nobis* attacks a judgment that was infirm at the time it was rendered for reasons that later came to light, while a writ of *audita querela* is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition." *Id*. (citing 7A C.J.S. *Audita Querela* § 4 (2004)).

Since the adoption of Rule 60(b) of the Federal Rules of Civil Procedure which expressly abolished both writs as to civil judgments, the use of writs of *audita querela* and *coram nobis* has been practically eliminated. However, in *United States v. Morgan*, 346 U.S. 502 (1954) the U. S. Supreme Court held that under the All Writs Act, 28 USC §1651(a), writs of *coram nobis* were still available in criminal proceedings where they were needed to fill gaps in federal post-conviction proceedings. Accordingly, the Fifth Circuit has "acknowledged, with some reservation, that the writ of *audita querela might* also survive in criminal adjudications, if there is a gap for it to fill." 599 F.3d at 488 (citing *United States v. Banda,* 1 F.3d 354, 356 (5th Cir.1993); *Reyes,* 945 F.2d at 865 & n. 5). Specifically, the court noted that if the writ survives at all,

> …it can only be available where there is a legal objection to a judgment which has arisen subsequent to that judgment. Purely equitable grounds for relief do not justify the issuance of a writ of *audita querela*. Furthermore, the writ is only available where the legal objection raised cannot be brought pursuant to any other post-conviction remedy. This limitation follows from the reasoning of *Morgan,* which allows relief pursuant to a writ of *audita querela* only where a gap exists in the system of federal post-conviction remedies.

*Id*. (internal citations omitted).

Applying this precedent to the case before us we note that in seeking a writ of *audita querela*, the petitioner here choses "a slender reed upon which to lean," *Banda*, 1 F.3d at 356, and we find two reasons why his application must be denied.

First, the petitioner's third *habeas* petition is currently pending before this court. Therein, he makes multiple claims challenging his conviction.  Among those claims are assertions of ineffective assistance of counsel, the failure of the State to prove the elements of the crime of which he was convicted, improper discovery methods, and improper questioning of witnesses *inter alia*.  Clearly, he vehemently objects to the judgment on grounds that it was improper at the time of its rendition.  Writs of *audita querela* do not provide relief on such claims. *See* 7A C.J.S. *Audita Querela* § 4, *supra*.

The relief the petitioner seeks is perhaps more properly accorded by a writ of *coram nobis*.  But even if he had applied for that writ, we would still be required to deny it because the claim he now makes involves "newly discovered evidence" recently obtained which allegedly tends to show a "high probability of acquittal."  Under 28 USC §2244(b)(2)(B)[1], such a claim could have been brought in his *habeas* petition and since that petition is still pending, the claim he asserts here might still be raised by an amendment thereof.  Accordingly, we cannot conclude that any legal objection the petitioner has raised is one that could not "be brought pursuant to any other post-conviction remedy." *Miller*, 599 F.3d at 488.  Therefore, under the *Morgan* Court's

---

[1] **(b)**…
**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

reasoning, there is no "gap" for either the writ of *audita querela* or the writ of *coram nobis* to fill and therefore neither writ can be issued in this case.

Secondly, to the extent the petitioner seeks relief on equitable grounds[2], the Fifth Circuit has repeatedly held, as noted above, that such equitable grounds do not justify the issuance of a writ of *audita querela*. *See Reyes*, 945 F.2d at 866-867 (5th Cir.1991) (citing *United States v. Holder,* 936 F.2d 1 (1st Cir.1991)); *Banda*, 1 F.3d at, 356; *Miller*, 599 F.3d at 488.

Finally, to the extent that the petitioner's present application for a writ of *audita querela* challenges his 1996 conviction in order to contest his status as a habitual offender and thus reduce the fifteen year sentence he is currently serving, he has presented no evidence to show that the 1996 judgment has since become invalid and thus this application must be denied in that regard as well.

### III. CONCLUSION

For the reasons set forth above, the petitioner's writ of *audita querela* is hereby **DENIED**.

THUS DONE this 18th day of November, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[2] In his writ application under the heading "Relief Sought Hereby," the petitioner states that "the effectiveness of this 'writ' SHALL terminate upon adverse ruling in this matter, pending such rule as Supreme court justices may determine (in favor of this defendant) in court as fair and equable [sic], in accordance with the law of the land." Doc 38, p. 3. We interpret this statement as an attempt to assert equitable relief.