UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DONALD RUNNELS** | : | **CIVIL ACTION NO. 14-503** |
| **DOC #187611** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN, AVOYLLES MARKSVILLE** | | |
| **DETENTION CENTER** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Donald Runnels (hereinafter "Runnels"). Runnels is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Richland Parish Detention Center in Rayville, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

The pleadings and exhibits tendered by Runnels with his original and amended petitions [docs. 1, 10, 11, 19, 21, 32, 35, and 46] were insufficient to establish whether this action should survive initial review. Thus, this court ordered him to amend his petition to provide documentation establishing, among other things, the date on which he filed his writ of *certiorari* in the Louisiana Supreme Court on direct review. Doc. 45. Runnels responded to the amend order by filing a voluminous amount of paperwork [docs. 49, 51, 54, 56, 58, 66, 69, 70, 76, 89, 90, 93, and 100]. Unfortunately, his filings provided very little of the requested information.

Runnels was charged via a bill of information with simple burglary and theft of less than $500.00 on or about December 23, 2010. Doc. 18, p. 2. On October 12, 2011, a jury in the Thirty-Third Judicial District Court, Allen Parish, found him guilty of simple burglary. *Id.* After the conviction, but before sentencing, the state filed a habitual offender bill. *Id.* On December 15, 2011, while the habitual offender bill was pending, the trial court sentenced Runnels on the underlying charges. *Id.* On the simple burglary count, he was sentenced to ten years at hard labor (with three years suspended) and four years of supervised probation. Runnels was ordered to pay certain fees. *State v. Runnels*, 101 So.3d 1046, 1049 (La. App. 3 Cir. 11/07/12). The trial court also sentenced him on the theft count to six months incarceration to run concurrent with the burglary sentence.[1] *Id.*

Runnels appealed his sentence and conviction to Third Circuit Court of Appeal on December 29, 2011. Doc. 51, att. 1, p. 5. Therein, he raised several claims for relief, including: (1) sufficiency of the evidence, (2) ineffective assistance of counsel, (3) improper use of notes by witnesses, (4) improper jury instructions, (5) misconduct by the state, (6) alleged bias by the trial court, and (7) excessiveness of his sentence. *State v. Runnels*, 101 So.3d at 1050-158. On November 7, 2012, the appellate court affirmed his conviction and sentence for simple burglary, and vacated and remanded the sentence for theft less than $500.00 because there was nothing in the record indicating that a verdict was rendered either by the jury or by the trial court on that count. *State v. Runnels*, *Id.* at 1050. Runnels then filed a motion for rehearing which was received by the Third Circuit on December 18, 2012. Doc. 51, att. 1, p. 7. The motion for rehearing was denied on January 9, 2013.[2] *State v. Runnels*, 101 So.3d at 1046.

---

[1] Nothing in the record indicated that verdict was rendered by the jury or trial court on this count.
[2] This court obtained a copy of the notice of judgment from the Third Circuit Court of Appeal's web site. In absence of evidence to the contrary, this court presumes that the Third Circuit Court of Appeal mailed copies of its denial on January 9, 2013, as required by Rule 2-16.4 of the Uniform Rules of Louisiana Courts of Appeal. This Rule provides,

Runnels then filed an application for supervisory and/or remedial writs with the Louisiana Supreme Court on February 28, 2013.[3] The application was denied on July 31, 2013. *State ex rel. Donald Runnels v. State*, 118 So.3d 1121 (La. 7/31/13). Runnels did not seek further review with the United States Supreme Court nor did he file an application for post-conviction relief. Doc. 10, p. 6.

Runnels filed the instant petition on March 5, 2014. As previously noted, several amended petitions followed. Herein, he claims: (1) ineffective assistance of counsel (no motion to quash; misrepresentation of his interests; prejudicial statement to the jury; allowing witnesses to review notes while testifying; allowing prosecution to enter pictures not in evidence; failure to object to improper joinder of claims in bill of information) [doc. 10, p. 7]; (2) excessive sentence [doc. 10, p. 2]; (3) illegal sentence [doc. 21, p. 6]; (4) failure of state to inform of witness [doc. 10, p. 10]; (5) failure of state to prove all elements of the crime [doc. 10, p. 5]; (6) prejudiced jury [doc. 10, p. 8]; (7) failure of trial court to grant motion for production of court records [doc. 18, p. 8]; (8) deceitful juror [Doc. 21, p. 5]; and (9) that the trial court's order of August 7, 2013, rescinds his sentence and he is being held illegally. Doc. 32, p. 2.

As relief for the above, petitioner seeks a revocation of judgment, to have the sentence and conviction vacated, or a new trial. Doc. 10, p. 15.

---

"In every case, one copy of the opinion, when rendered, shall be transmitted to ... all appeal counsel of record, and all parties not represented by counsel."

[3] This court obtained a copy of Runnels' writ application from the Louisiana Supreme Court. The application shows that Runnels signed, dated, and placed the writ in the mail on February 28, 2013. The application was received by the Louisiana Supreme Court on March 6, 2013.

**II.**
**LAW AND ANALYSIS**

*A. Timeliness under § 2244(d)(1)(A)*

Since this petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), the court must apply the timeliness provisions of the AEDPA. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999). The AEDPA amended Title 28 U.S.C. § 2244(d)(1)(A) to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. This limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review… ." 28 U.S.C. § 2244(d)(1)(A).

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *See Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief is counted, and the limitations period is only tolled while the application remains pending. *Villegas,* 184 F.3d at 472 (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326, 329 (5th Cir. 1999).

*B. Finality of Judgment*

The Fifth Circuit has explained that the "AEDPA, not state law, determines when a judgment is final for federal *habeas* purposes." *Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006) (citation and internal quotation marks omitted). However, the court looks to state law to determine how long a prisoner had to file a direct appeal, which is a necessary part of the finality inquiry.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).  In keeping, this court looks to Louisiana Supreme Court Rule X, § 5(a), which provides that "[a]n application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal." The Rule also states that "[n]o extension of time therefore will be granted." *Id*.  Thus, Runnels had a period of thirty days following the January 9, 2013, mailing of the Third Circuit's notice of judgment within which to file his writ application in the Louisiana Supreme Court.  His writ application was not received by the Louisiana Supreme Court until March 6, 2013.  However, the writ application on file with the Louisiana Supreme Court shows that Runnels signed, dated, and mailed the application on February 28, 2013.  Thus, the court will use the date of signing as the filing date.  Even still, Runnels' writ application was not signed within the thirty-day limitations period; rather, it was signed on February 28, 2013, well after the February 9, 2013, expiration had passed.

Further, Rule X, § 5(a) is a procedural requirement governing the time of filing. *See Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000); *See also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that "time limits, no matter their form, are 'filing' conditions" and therefore, an untimely petition is not "properly filed" for purposes of statutory tolling, as it cannot even be initiated or considered). Thus, as Runnels did not timely file for review in the Louisiana Supreme Court, his conviction became final on February 9, 2013, the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Therefore, Runnels had one year from finality on February 9, 2013, or until February 9, 2014, to file his federal *habeas corpus* petition, which he did not do. Runnels filed the current petition for writ of *habeas corpus* on March 5, 2014.

Based on the above, Runnel's petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

### C. Statutory Tolling Pursuant to 28 U.S.C. §2244(d)(2)

Section 2244(d)(2) provides that the period during which a properly filed state *habeas* application is pending must be excluded when calculating the one-year period. Because Runnels did not file for post-conviction relief, his petition for writ of *habeas corpus* was improperly filed and the statute does not apply.

### D. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir.1996). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "[t]o be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. at 418). Runnels does not allege any facts that support a finding of equitable tolling. He has not alleged that he was actively misled nor has he alleged that he was prevented in some extraordinary way from asserting his rights. Equitable tolling does not apply.

### III.
#### CONCLUSION

In the absence of any evidence warranting statutory or equitable tolling, the court finds that Runnel's *habeas corpus* petition is time-barred by 28 U.S.C. § 2244(d)(1)(A), and should be dismissed with prejudice.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d)(1)(A).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).** Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and**

**Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 22nd day of June, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE