U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 3 1 2017

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DONALD KEITH RUNNELS | * | CIVIL ACTION NO. 2:14-CV-00503 |
| v. | * | |
| STATE OF LOUISIANA | * | JUDGE JAMES T. TRIMBLE, JR. |
| | * | MAGISTRATE JUDGE KAY |

************************************************************************

## MEMORANDUM RULING

Before the court is a Motion to Vacate an Illegal Sentence (Rec. Doc. 138), a Motion to Reopen/Reinstate Case (Rec. Doc. 139), and a Motion for Recusal (Rec. Doc. 139) filed by the *pro se* petitioner Donald Runnels. For the following reasons, the Motion to Vacate an Illegal Sentence will be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, and the Motion to Reopen/Reinstate Case and Motion for Recusal will be **DENIED**.

Runnels was charged with and convicted of simple burglary and theft of less than $500 in 2011.[1] After appealing his conviction in the Louisiana state court system, Runnels filed a petition for a writ of habeas corpus before this court in March 2014.[2] In his petition, he argued that his counsel was ineffective, that the sentence was excessive, that the sentence was illegal, that the state failed to inform him about a witness, that the state failed to prove all elements of the crime, that the jury was prejudiced, that the trial court failed to grant a motion for production of court records, that the jury was deceitful, and that he was being held illegally because the trial court

---

[1] Report and Recommendation (Rec. Doc. 102), p. 2.

[2] Petition for Writ of Habeas Corpus and Amendments (Rec. Docs. 1, 10, 11, 19, 21, 32, 35, 46, 49, 51, 54, 56, 58, 66, 69, 70, 76, 89, 90, 93, 100).

1

rescinded his sentence.[3] After reviewing his petition, the court found that it was time-barred and dismissed it with prejudice in December 2015.[4]

While he does not explicitly state under what grounds he moves to vacate his sentence, the motion best fits the relief available under 28 U.S.C. § 2254 because he argues that the court erred at the time of sentencing by violating the *ex post facto* clause. Because he could have already raised this claim in his prior petition for a writ of habeas corpus, the current motion is a successive habeas petition.[5] Runnels is required to seek authorization from the Fifth Circuit Court of Appeals under 28 U.S.C. § 2244(b)(1) to file a successive habeas petition, and he has not done so. Because he does not have authorization from the Fifth Circuit, this court does not have subject matter jurisdiction over the claim.[6] The district court can either transfer an unauthorized successive petition to the Fifth Circuit pursuant to 28 U.S.C. § 1631or dismiss the petition for lack of subject matter jurisdiction.[7] This court will **DISMISS** the Motion to Vacate for lack of subject matter jurisdiction.

Runnel's Motion to Reinstate/Reopen Case and Motion for Recusal ask for relief based on unfounded assertions. The court considers this motion under Rule 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure. A Rule 60(b)(1) motion should be made "no more than a year after the entry of the judgment."[8] The petitioner brought his motion approximately 17 months after the court entered a judgment dismissing his petition as time-barred, therefore to the extent

---

[3] Report and Recommendation (Rec. Doc. 102), p. 3.

[4] Judgment (Rec. Doc. 123).

[5] *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) ("[A] later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.").

[6] *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

[7] *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2016).

[8] Fed. R. Civ. P. 60(c)(1).

2

that it is a Rule 60(b)(1) motion, it is untimely and will be dismissed. To the extent that the motion is brought under Rule 60(b)(6), the petitioner must show "extraordinary circumstances" that justify relief.[9] Runnels has failed to do so. His original petition for a writ of habeas corpus was considered by the court and was dismissed after the court determined that it was time-barred. Runnels's bare assertions that Judge Minaldi did not properly consider his petition have no basis. As such, his motions will be denied.

For the reasons described above, the petitioner's Motion to Vacate an Illegal Sentence[10] will be **DISMISSED** for lack of subject matter jurisdiction. The petitioner's Motion to Reopen/Reinstate Case[11] and Motion for Recusal[12] will be **DENIED**.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 31st day of May, 2017.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[9] *See Diaz v. Stephens*, 731 F.3d 370, 375 (5th Cir. 2013).
[10] (Rec. Doc. 138).
[11] (Rec. Doc. 139).
[12] (Rec. Doc. 139).